Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), entered October 5, 2011 in a proceeding pursuant to CPLR article 78. The judgment granted the motion of respondents to dismiss the petition.
It is hereby ordered that the judgment so appealed from is affirmed without costs.
Memorandum: Petitioner appeals from a judgment that granted respondents’ motion to dismiss her petition, in which she alleged that she is entitled to tenured status as a teacher with respondent Pittsford Central School District (PCSD) and reinstatement as an employee. We affirm.
Petitioner was hired as a probationary fourth grade teacher with PCSD in September 2007, with the expectation that her probationary period would last for three years. At the end of her third probationary year, however, petitioner was informed that she would not be recommended to the Board of Education of PCSD (Board) for tenure. In lieu of termination, petitioner entered into a Juul agreement with PCSD (see Matter of Juul v Board of Educ. of Hempstead School Dist. No. 1, Hempstead, 76 AD2d 837, 838 [1980], affd for reasons stated 55 NY2d 648, 649 [1981]), which granted her a fourth probationary year in exchange for the waiver of her right to a claim of tenure by estoppel. The Juul agreement was signed by petitioner, the Pittsford District Teacher’s Association president, and respondent Mary Alice Price, the PCSD Superintendent (Superintendent). The agreement was neither presented to nor ratified by the Board. Toward the end of her fourth probationary year, petitioner was again informed by the Superintendent that she *1499 would not be recommended for tenure, and she was further informed that her appointment as a probationary teacher with PCSD would end on June 30, 2011. The Board subsequently voted to deny petitioner tenure, and petitioner’s service as a probationary teacher ended on or about June 30, 2011. Petitioner thereafter commenced this CPLR article 78 proceeding seeking, inter alia, reinstatement as an employee teacher with PCSD with tenure, and judgment “declaring” that she has tenure with PCSD.
We note at the outset that this is properly only a proceeding pursuant to CPLR article 78 rather than a hybrid declaratory judgment action/CPLR article 78 proceeding “inasmuch as petitioner does not ‘challenge the constitutionality of any statutes or regulations’ ” (Matter of Zehner v Board of Educ. of Jordan-Elbridge Cent. School Dist., 91 AD3d 1349, 1349 [2012]). Thus, Supreme Court properly limited its determination to whether the PCSD’s action to deny tenure was made in violation of lawful procedure, or was arbitrary and capricious or an abuse of discretion.
Although we agree with petitioner that a Juul agreement not approved by a school board is an impermissible abdication of a school board’s responsibility to act as trustee (see Education Law § 1710) and manager (see § 1804 [1]) of the school district, we nevertheless agree with respondent that petitioner is equitably estopped from disaffirming the agreement despite the Board’s failure to authorize or ratify it. “Equitable estoppel ‘is imposed by law in the interest of fairness to prevent the enforcement of rights which would work a fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party’s words or conduct, has been misled into acting upon the belief that such enforcement would not be sought’ ” (Syracuse Orthopedic Specialists, P.C. v Hootnick, 42 AD3d 890, 893 [2007], quoting Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982], rearg denied 57 NY2d 674 [1982]). Although the applicability of equitable estoppel “ ‘is ordinarily a question of fact for trial’ ” (id.), under these circumstances, the applicability of that doctrine can be resolved as a matter of law.
The Education Law requires that a superintendent make a recommendation to a board of education as to whether to appoint on tenure a teacher who reaches the expiration of his or her probationary term (see § 3012 [2]), and “the board of education may not grant tenure in the absence of a positive recommendation of the Superintendent” (Matter of Yanoff v Commissioner of Educ. of State of N.Y., 66 AD2d 919, 920 [1978], lv *1500 denied 47 NY2d 711 [1979]). Here, the Superintendent unequivocally stated that she did not intend to recommend petitioner for tenure at the end of her third probationary year based on petitioner’s evaluations and input from the Principal. Thus, in place of a recommendation by the Superintendent to the Board that petitioner be denied tenure, the parties entered into the Juul agreement. The agreement expressly provides that “the Superintendent . . . has informed [petitioner] that she will not be recommended for tenure at the end of her probationary period (June 30, 2010); and . . . the Superintendent has informed [petitioner] that she is willing to recommend an extension of her probationary period for one year.” The agreement further provides that petitioner “accepts the extension of her probationary period until June 30, 2011,” and that she “agrees that she waives any right to claim status as tenured teacher by estoppel, acquiescence or any other reason as a result of this extension.” We cannot agree with our concurring colleague that the Juul agreement is an employment contract. An employment contract typically would include terms of employment, including compensation (see generally Education Law § 3011 [1]). Instead, we conclude that petitioner’s “waiver [of her right to a claim of tenure] serves as the quid pro quo for countervailing benefits” (Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown, 46 NY2d 450, 455 [1979], rearg denied 46 NY2d 1076 [1979], cert denied 444 US 845 [1979]; see Juul, 76 AD2d at 838), i.e., “ ‘something for something’ ” (Black’s Law Dictionary 1367 [9th ed 2009]). Rather than setting forth the terms of employment, the agreement provides only that petitioner waived a tenure right in exchange for a fourth probationary year to “demonstrate [her] competence as a teacher rather than be dismissed” {Juul, 76 AD2d at 838).
“ ‘Parties cannot accept benefits under a contract fairly made and at the same time question its validity’ ” (R.A.C. Holding v City of Syracuse, 258 AD2d 877, 878 [1999], quoting Svenska Taendsticks Fabrik Aktiebolaget v Bankers Trust Co., 268 NY 73, 81 [1935]). Inasmuch as the record establishes that the Juul agreement was fairly made, we conclude that petitioner is estopped from challenging its validity, including the waiver of her right to tenure by estoppel contained therein (see id.; see also Lordi v County of Nassau, 20 AD2d 658, 659-660 [1964], affd 14 NY2d 699 [1964]; Kaminsky v Herrick, Feinstein LLP, 59 AD3d 1, 13 [2008], lv denied 12 NY3d 715 [2009]).
We have reviewed the remaining contentions of the parties and conclude that they are without merit.
*1501 All concur except Fahey, J., who concurs in the result in the following memorandum.